Matter of Stutman (2025 NY Slip Op 04655)

Matter of Stutman

2025 NY Slip Op 04655

Decided on August 13, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2022-06169 

[*1]In the Matter of Steven W. Stutman, admitted as Steven William Stutman, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Steven W. Stutman, respondent. (Attorney Registration No. 1596931)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 24, 1974, as Steven William Stutman.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Traub, Lieberman, Straus & Shrewsberry, LLP, Hawthorne, NY (Hillary J. Raimondi of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and verified petition dated June 9, 2023, containing four charges of professional misconduct. The respondent served and filed an answer dated July 28, 2023, admitting some factual allegations contained in the petition but denying that he violated the Rules of Professional Conduct (22 NYCRR 1200.0) cited therein. The Grievance Committee thereafter served and filed a statement of disputed and undisputed facts, and the respondent served and filed a statement of disputed and undisputed facts. By decision and order on application dated October 19, 2023, this Court referred the matter to the Honorable David I. Ferber, as Special Referee, to hear and report. A preliminary conference was held on November 28, 2023, and a hearing was conducted on January 11, 2024. By report received on March 25, 2024, the Special Referee sustained all four charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as this Court deems just and proper. The respondent, through counsel, submits an affirmation, which does not oppose the motion to confirm, but submits that the appropriate sanction is a reprimand, probation, or public censure.
The Petition 
The petition contains four charges of professional misconduct. At all times relevant herein, the respondent maintained an attorney escrow account at TD Bank entitled "STEVEN W STUTMAN, PLLC, IOLA TRUST ACCOUNT," with an account number ending in 9574 (hereinafter the TD Bank escrow account).
Between September 1, 2018, and December 19, 2019, the respondent repeatedly overdisbursed funds from the TD Bank escrow account on behalf of multiple client matters, causing misappropriation of other client funds and a shortage in the TD Bank escrow account ranging from $25 to $2,724.03.
On December 19, 2019, the respondent was required to maintain $43,346.30 of fiduciary funds for 13 clients in the TD Bank escrow account; however, on that date, the balance of the TD Bank escrow account was $42,018.76, reflecting a shortage of $1,327.54.
Between December 20, 2019, and December 24, 2019, three checks issued by the respondent in the RH to Ross matter totaling $13,950 were paid against the TD Bank escrow account. During the relevant period, there were no correlating funds on deposit in the TD Bank escrow account in connection with the RH to Ross matter, resulting in those funds being paid against other fiduciary funds present in the TD Bank escrow account.
On December 26, 2019, the respondent was required to maintain $34,191.30 of fiduciary funds for 11 clients in the TD Bank escrow account; however, on that date, the balance of the escrow account was $18,913.76, reflecting a shortage of $15,277.54.
Based on the factual allegations above, charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge two alleges that the respondent failed to properly title his attorney escrow account in violation of rule 1.15(b)(2) of the Rules of Professional Conduct. Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by failing to reconcile his escrow account between September 2018 and December 2019 in violation of rule 8.4(h) of the Rules of Professional Conduct. Based upon the aforementioned charges, charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing and Hearing Record 
According to the respondent's testimony, the respondent maintained two escrow accounts, the TD Bank escrow account and a Capital One escrow account. After the respondent received notice from TD Bank of a dishonored check related to the down payment of a client matter, he deposited funds into the TD Bank escrow account to cover the deficit and reissued a new check. The respondent testified that he mistakenly thought that a check for $13,950 for the RH to Ross matter was deposited into the TD Bank escrow account, when it was actually deposited into the Capital One escrow account. The respondent thereafter erroneously issued a check for that matter from the TD Bank escrow account, as opposed to the Capital One escrow account, causing a deficit in the TD Bank escrow account. Upon a reconciliation of both of his escrow accounts, the respondent found several errors dating back to 2018, including, inter alia, overdisbursements for several client matters. The respondent did not transfer the funds from his Capital One escrow account to the TD Bank escrow account until almost one year later on October 15, 2020.
The respondent admitted the allegations charged in the petition and attributed these errors to accounting errors and inadvertent mistakes. He expressed remorse for these accounting errors and testified that he had closed the two previously open escrow accounts and now maintains one escrow account, which is affixed with software to aid in monitoring his escrow account. He further testified that he reconciles his escrow account at least twice a month and has staff that both aids him in his reconciliations and oversight of his escrow account.
The Grievance Committee moves to confirm the report of the Special Referee, which sustained all charges against the respondent, and reports that the respondent's disciplinary history consists of a personally-delivered admonition in 2014 for similar misconduct, a letter of advisement in 2020, a letter of caution in 2009, and another admonition in 2008.
The respondent, through counsel, submits an affirmation, which does not oppose the motion to confirm but asserts that a suspension is not warranted and that the circumstances herein can be fairly addressed by a penalty of a reprimand, probation, or public censure.
Findings and Conclusion 
In the instant matter, the respondent admittedly misappropriated client funds in several client matters. During the relevant period, the respondent's escrow account balance routinely fell below what was required to be on deposit for the relevant client matters. These defalcations occurred in large part due to the respondent over-disbursing funds, failing to properly reconcile his escrow account, and failing to verify that client funds were on deposit prior to disbursing funds on [*2]the matter, thereby causing the invasion of other client funds.
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted. In determining an appropriate measure of discipline, this Court considered, among other things, the respondent's prior disciplinary history, the remedial measures implemented, and the substantial character evidence presented.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Steven W. Stutman, admitted as Steven William Stutman, is suspended from the practice of law for a period of six months, commencing September 12, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 11, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Steven W. Stutman, admitted as Steven William Stutman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Steven W. Stutman, admitted as Steven William Stutman, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven W. Stutman, admitted as Steven William Stutman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court